■ SAUL WASSERMAN, Appellant, v CITY OF NEW YORK et al., Respondents. [24 NYS3d 109]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated September 3, 2013, which granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and denied his motion for summary judgment on the issue of liability as academic.

Ordered that order is reversed, on the law, with costs, the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident is denied, and the matter is remitted to the Supreme Court, Kings County, to determine the plaintiff's motion for summary judgment on the issue of liability on the merits.

In support of their cross motion for summary judgment dismissing the complaint, the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of the plaintiff's spine did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition to the cross motion, and in support of his motion for summary judgment on the issue of liability, however, the plaintiff submitted evidence raising triable issues of fact as to whether he sustained serious injuries to the cervical region of his spine (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Thus, the Supreme Court should have denied the defendants' cross motion for summary judgment dismissing the complaint.

In light of our determination, we remit the matter to the Supreme Court, Kings County, to determine the plaintiff's motion for summary judgment on the issue of liability on the merits (*see Alvarez v Dematas*, 65 AD3d 598 [2009]). Mastro, J.P., Austin, Maltese and Barros, JJ., concur.